COPY                    FILED

1   Juanita R. Brooks (SBN 75934)                    2014 APR 16  PM 2: 33
    brooks@fr.com
2   Roger A. Denning (SBN 228998)                    CLERK U.S. DISTRICT COURT
    denning@fr.com                                   CENTRAL DIST. OF CALIF.
3   Olga I. May (SBN 232012)                         LOS ANGELES
    omay@fr.com                                      BY:_____
4   FISH & RICHARDSON P.C.
    12390 El Camino Real
5   San Diego, California 92130-2081
    Telephone: (858) 678-5070
6   Facsimile: (858) 678-5099

7   Tamara Fraizer (SBN 215942)
    fraizer@fr.com
8   FISH & RICHARDSON, P.C.                          BY FAX
    500 Arguello Street, Suite 500
9   Redwood City, CA 94063
    Telephone: (650) 839-5070
10  Facsimile: (650) 839-5071

11  Attorneys for Defendants FRESENIUS MEDICAL CARE HOLDINGS, INC.,
    FRESENIUS MEDICAL CARE NORTH AMERICA, INC., FRESENIUS USA,
12  INC., FRESENIUS USA MANUFACTURING, INC., and FRESENIUS USA
    MARKETING, INC.

13
                    UNITED STATES DISTRICT COURT
14
           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
15
16  JEFF JENKINS, and MARY ELEANOR      Case No. CV14-02933-JFW(MRWx)
    JENKINS, individually and on behalf of
17  the Estate of BILLY JOE JENKINS;
    MARILYN BAUMGARDEN,                 NOTICE OF REMOVAL UNDER 28
18  individually and on behalf of the Estate  U.S.C. § 1441(b) (DIVERSITY
    of DONALD EUGENE                   JURISDICTION)
19  KAMPHEFNER; SUZETTE ABBOTT,
    individually and on behalf of the Estate
20  of JOSEPH KIDA; DIANE
    WILKERSON , individually and on
21  behalf of the Estate of ALMA LOWE;
    MARLENE MANLEY, individually and
22  on behalf of the Estate of JAY PETE
    MANLEY, JR.; SHALESE VAULX,
23  individually and on behalf of the Estate
    of VERINDA ELIZABETH
24  MATTHEWS; JOSEPH MCKINNEY,
    individually and on behalf of the Estate
25  of LUETANGER MCKINNEY;
    HORTENSE MILLER, individually and
26  on behalf of the Estate of NAPOLEON
    MILLER;
27
28

1        Plaintiffs,

2        vs

3   FRESENIUS MEDICAL CARE
    HOLDING, INC., FRESENIUS
4   MEDICAL CARE HOLDINGS, INC.
    d/b/a FRESENIUS MEDICAL CARE
5   NORTH AMERICA, INC., FRESENIUS
    USA, INC., FRESENIUS USA
6   MANUFACTURING, INC.,
    FRESENIUS USA MARKETING, INC.,
7   FRESENIUS USA SALES, INC.,
    WALTER L. WEISMAN, and DOES 1-
8   50, Inclusive,

9        Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF REMOVAL ........................................................................ 1

BACKGROUND ................................................................................ 1

GROUNDS FOR REMOVAL ................................................................ 2

I.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS
       SATISFIED. ......................................................................... 3

II.   THE PARTIES ARE DIVERSE. ............................................... 4

III.  IN ANY EVENT, MR. WEISMAN'S CITIZENSHIP
       SHOULD NOT BE CONSIDERED BECAUSE HE HAS
       BEEN FRAUDULENTLY JOINED. ......................................... 7

IV.   THE OTHER PREREQUISITES FOR REMOVAL ARE
       SATISFIED. ......................................................................... 11

Notice of Removal

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addison v. Allstate Ins. Co.*,
   58 F. Supp. 2d 729 (S.D. Miss. 1999) ..................................................9

*AGI Publishing, Inc. v. HR Staffing, Inc.*,
   58 F. Supp. 2d 729 (S.D. Miss. 1999) ................................................11

*Beavers v. DePuy Orthopaedics, Inc.*,
   No. 1:11 dp 20275, 2012 WL 1945603 (N.D. Ohio May 30, 2012) ..................9

*Bennett v. Allstate Ins. Co.*,
   753 F. Supp. 299 (N.D. Cal. 1990) ......................................................9

*Corbelle v. Sanyo Elec. Trading Co.*,
   No. C-03-1509 EMC, 2003 WL 22682464 (N.D. Cal. Nov. 4, 2003) ..............4

*Cranston v. Mariner Healthcare Mgmt. Co.*,
   No. 3:03CV10–D–A, 2003 WL 21517999 (N.D. Miss. June 18, 2003) ...........9

*Emrich v. Touche Ross & Co.*,
   846 F.2d 1190 (9th Cir. 1988) ............................................................11

*Fisher v. Paul Revere Ins. Group*,
   55 Fed. App'x 412 (9th Cir. 2002) (unpublished) ...............................9

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) ..............................................................4

*Kammerdiener v. Ford Motor Co.*,
   No. CV 09–2180, 2010 WL 682297 (C.D. Cal. Feb. 24, 2010) ................4

*Marsikyan v. Porsche Cars N. Am., Inc.*,
   No. CV 11-09411 SJO, 2012 WL 280585 (C.D. Cal. Jan. 30, 2012) .........6

*Mass. Eye & Ear Infirmary v. Eugene B. Casey Found.*,
   417 F. Supp. 2d 192 (D. Mass. 2006) ..................................................9

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) ............................................................7

*Olive v. Gen. Nutrition Ctrs., Inc.*,
   No. 2:12-cv-04297-ODW, 2012 WL 2006389 (C.D. Cal. June 5, 2012) ......6

*Oshima v. Kia Motors Corp.*,
   No. 11–cv–03349–REB–MEH, 2012 WL 1578397 (D. Colo. May 4, 2012) ....9

ii

# <u>TABLE OF AUTHORITIES (cont'd.)</u>

<u>Page(s)</u>

*In re Rezulin Prods. Liab. Litig.*,
  168 F. Supp. 2d 136 (S.D.N.Y. 2001) ...................................................9

*Romo v. FFG Ins. Co.*,
  397 F. Supp. 2d 1237 (C.D. Cal. 2005) ...............................................4

*Salisbury v. Purdue Pharma, L.P.*,
  166 F. Supp. 2d 546 (E.D. Ky. 2001) ..................................................9

*Shah v. Wyeth Pharms., Inc.*,
  No. CV 04-8652 DT MAN, 2005 WL 6731641 (C.D. Cal. Jan. 18,
  2005) ........................................................... 9, BA_Cite_2B22B0_000089 10

*Simpson v. Union Pac. R. Co.*,
  282 F. Supp. 2d 1151 (N.D. Cal. 2003) ..............................................11

*Singer v. State Farm Mut. Auto Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) ...............................................................3

*Tsang v. Select Portfolio Serv., Inc.*,
  No. EDVC 12-00127 VAP, 2012 WL 10423187 (N.D. Cal.
  Aug. 3, 2003) ....................................................................................11

*Titans Trading Corp. v. JTS Express*,
  No. CV 09-00714 MMM (RCX), 2009 WL 537515 (C.D. Cal.
  Mar. 3, 2009) ......................................................................................3

**Statutes**

28 U.S.C. § 84(d) ....................................................................................11

28 U.S.C. § 1332(c)(1) ..........................................................................5, 6

28 U.S.C. § 1441(a) ................................................................................11

28 U.S.C. § 1441(b)(1) .............................................................................6

28 U.S.C. § 1441(b)(2) .....................................................................1, 3, 11

28 U.S.C. § 1446(b)(2)(A) ......................................................................11

28 U.S.C. § 1446(b)(2)(B) ......................................................................11

Cal. Code Civ. Proc. § 425.10 .................................................................3

Notice of Removal

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Fresenius Medical Care Holdings, Inc. (improperly named in the Complaint as "Fresenius Medical Care Holding, Inc."), Fresenius USA, Inc., Fresenius USA Manufacturing, Inc., and Fresenius USA Marketing, Inc. (collectively "the Fresenius Defendants")[1] hereby remove this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. BC40725, to the United States District Court for the Central District of California, Western Division. This Court has jurisdiction under Section 1332 because the amount-in-controversy requirement is satisfied and the parties are diverse in citizenship. Removal is not barred by Section 1441(b)(2)—the "forum defendant rule"—because the only California defendant, Walter Weisman, is not properly joined.

## BACKGROUND

1.     This case is one of over 1,500 similar product liability actions filed against Fresenius entities alleging injuries sustained as a result of the use of NaturaLyte and/or GranuFlo—products used in hemodialysis treatment. Almost all of those cases are now pending in the multidistrict-litigation proceeding styled *In re Fresenius/NaturaLyte Dialysate Prods. Liab. Litig.*, No. 1:13-md-02428-DPW (D. Mass.) (the "MDL").

2.     As shown in the Notice of Pendency of Other Actions or Proceedings (filed herewith), the MDL now includes more than 30 cases transferred from California district courts. Of those 30 California cases, approximately 20 were removed from state courts based on diversity jurisdiction and then transferred to the MDL. Because the allegations in this case are the same as, or similar to, the allegations in the hundreds of cases pending in the MDL, the Fresenius Defendants

will identify this case to the JPML as a potential tag-along case that should be transferred to the MDL.

3.      In this District, NaturaLyte/GranuFlo actions typically have been assigned (or re-assigned pursuant to General Order 08-05) to Judge Bernal.

4.      Plaintiffs commenced this NaturaLyte/GranuFlo action on March 27, 2014, by filing a Complaint in the Superior Court of California for the County of Los Angeles.  Plaintiffs served a copy of the summons and Complaint on Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America on April 3, 2014.  The other defendants have not been served.

5.      Plaintiffs allege that the Decedents sustained injuries after receiving dialysis treatments using NaturaLyte and/or GranuFlo.  [Ex. A[2], Compl. ¶¶ 7-30.] Plaintiffs assert claims against the Fresenius Defendants and Walter Weisman for negligence, strict products liability, breach of express and implied warranty, fraudulent representation, negligent misrepresentation, wrongful death, and survival.  [Ex. A, Compl. ¶¶ 130-190.]  Plaintiffs seek to recover for compensatory damages, costs and expenses associated with Decedents' deaths, past and future medical expenses, past and future lost wages and loss of earning capacity, past and future emotional distress, loss of enjoyment of life, consequential damages, restitution, injunctive relief, punitive damages, attorneys' fees, costs, interest, and other relief.  [*Id.* pp. 33-34.]

**GROUNDS FOR REMOVAL**

6.      As shown in more detail below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000,

---

[1] The Complaint also names Fresenius USA Sales, Inc. as a defendant. Fresenius USA Sales, Inc. was dissolved in March 2010.

[2] All citations to "Exhibits" are citations to the exhibits to the Declaration of Tamara Fraizer in Support of Notice of Removal, filed herewith.

exclusive of interest and costs, and is between . . . citizens of different States."
Removal is not barred by the forum-defendant rule set forth in 28 U.S.C.
§ 1441(b)(2) because the only California defendant, Mr. Weisman, has been
fraudulently joined.

## I.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

7.    The amount in controversy exceeds $75,000, exclusive of interest and
costs.  Plaintiffs seek to recover for compensatory damages, costs and expenses
associated with Decedents' death, past and future medical expenses, past and
future lost wages and loss of earning capacity, past and future emotional distress,
loss of enjoyment of life, consequential damages, restitution, injunctive relief,
punitive damages, attorneys' fees, costs, interest, and other relief.  [Ex. A, Compl.
pp. 33-34.]  The Complaint does not state a specific amount demanded.  *See* Cal.
Code Civ. Proc. § 425.10 (stating that "the amount demanded shall not be stated"
for an action "brought to recover actual or punitive damages for personal injury or
wrongful death").

8.    Where, as here, the complaint does not specify the amount of damages
plaintiffs seek, the court must determine whether it is "facially apparent from the
complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm
Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotations omitted);
*accord Titans Trading Corp. v. JTS Express*, No. CV 09-00714 MMM (RCX),
2009 WL 537515, at *5 (C.D. Cal. Mar. 3, 2009).  "If not, the court may consider
facts in the removal petition, and may 'require parties to submit summary-
judgment-type evidence relevant to the amount in controversy at the time of
removal."  *Singer*, 116 F.3d at 1335-36.

9.    Here, Plaintiffs are seeking to recover for personal injuries and
wrongful death.  [Ex. A, Compl. ¶¶ 130-190.]  In such cases, it is facially apparent

3                          Notice of Removal

that the amount in controversy exceeds $75,000.  *See, e.g., Kammerdiener v. Ford Motor Co.*, No. CV 09–2180, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010) ("That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint."); *see also Corbelle v. Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $75,000.").

10.    Furthermore, Plaintiffs are seeking punitive damages, which are to be included in calculating the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *accord Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement.").

11.    Thus, because it is "facially apparent" from the Complaint that Plaintiffs seek more than $75,000, the amount-in-controversy requirement is satisfied.

## II.    THE PARTIES ARE DIVERSE.

12.    Plaintiffs Jeff Jenkins and Mary Eleanor Jenkins are citizens of Colorado, as was Decedent Billy Joe Jenkins.  [Ex. A, Compl. ¶¶ 7-8.]

13.     Plaintiff Marilyn Baumgarden is, and Decedent Donald Eugene Kamphefner was, a citizen of Missouri.  [*Id.* at ¶¶ 10-11.]

14.    Plaintiff Suzette Abbot is a citizen of Georgia, and Decedent Joseph Kida was a citizen of Michigan.  [*Id.* at ¶¶ 13-14.]

15.    Plaintiff Diane Wilkerson is, and Decedent Alma Lowe was, a citizen of Virginia.  [*Id.* at ¶¶ 16-17.]

Notice of Removal

16.    Plaintiff Marlene Manley is, and Decedent Jay Pete Manley Jr. was, a citizen of Ohio.  [*Id*. at ¶¶ 19-20.]

17.    Plaintiff Shalese Vaulx is, and Decedent Verinda Elizabeth Matthews was, a citizen of Minnesota.  [*Id*. at ¶¶ 22-23.]

18.    Plaintiff Joseph McKinney is, and Decedent Luetanger McKinney was, a citizen of Alabama.  [*Id*. at ¶¶ 25-26.]

19.    Plaintiff Hortense Miller is, and Decedent Napoleon Miller was, a citizen of Michigan.  [*Id*. at ¶¶ 28-29.]

20.    Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America is a corporation organized under the laws of New York with its principal place of business in Massachusetts. [Ex. A, Compl. ¶ 32.]  Fresenius Medical Care Holdings, Inc. is therefore a citizen of New York and Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Fresenius Medical Care Holdings, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

21.    Fresenius USA, Inc. is a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts.  [Ex. A, Compl. ¶ 33.]  Fresenius USA, Inc. is therefore a citizen of Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Fresenius USA, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

22.    Fresenius USA Manufacturing, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Massachusetts.  [Ex. A, Compl. ¶ 34.]  Fresenius USA Manufacturing, Inc. is therefore a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C.

Notice of Removal

§ 1332(c)(1).  Fresenius USA Manufacturing, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

23.    Fresenius USA Marketing, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Massachusetts.  [Ex. A, Compl. ¶ 35.]  Fresenius USA Marketing, Inc. is therefore a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Fresenius USA Marketing, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

24.    Defendant Walter Weisman is a citizen of California [*Id.* at ¶ 38], not Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

25.    The Complaint also names Doe Defendants who are unnamed defendants that are allegedly "responsible in some manner for the events and happenings."  [Ex. A, Compl. ¶ 41.]  Under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded."  Thus, the citizenship of the Doe Defendants is not considered in determining diversity. *See Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

26.    Accordingly, there is complete diversity of citizenship between Plaintiff and all the Defendants.

6                              Notice of Removal

1

### III.   IN ANY EVENT, MR. WEISMAN'S CITIZENSHIP SHOULD NOT BE CONSIDERED BECAUSE HE HAS BEEN FRAUDULENTLY JOINED.

2

3      27.    The Court need not consider Mr. Weisman's California citizenship

4   because he has been fraudulently joined as a defendant.[3]

5      28.    The Ninth Circuit has held that fraudulent joinder occurs where "the

6   plaintiff fails to state a cause of action against a resident defendant, and the failure

7   is obvious according to the settled rules of the state."  *Morris v. Princess Cruises,*

8   *Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quotations omitted).

9      29.    Here, Plaintiffs have failed to allege sufficient facts to state a cause of

10  action against Mr. Weisman.  This is a product liability action relating to

11  "NaturaLyte Liquid Acid Concentrate (hereafter 'NaturaLyte') and/or GranuFlo

12  Acid Concentrate (hereafter 'GranuFlo') used during hemodialysis treatment."

13  [Ex. A, Compl. ¶ 1.]

14      30.    The individual allegations against Mr. Weisman are limited to three

15  paragraphs, which state:

16        Walter L. Weisman (hereinafter also referred to as "Weisman") is, and at all times relevant was, a resident of the County of Los Angeles,
17        State of California.  Mr. Weisman is, and at all times relevant was, a member of the Supervisory Board for Fresenius Medical Care in Los
18        Angeles, California and has held that position since 1996.   Mr. Weisman is also a Member of the Supervisory Board at Management
19        AG - General Partner of Fresenius Medical Care, is the Chairman of the Audit and Corporate Governance Committee of Fresenius Medical
20        Care, a member of the Joint Committee of Fresenius Medical Care and a member of the Nomination Committee of Fresenius Medical
21        Care.  At all times relevant, the Supervisory Board, Audit and Governance Committee and Joint Committee, which Mr. Weisman
22        was a member of, managed, supervised and controlled all the North American Fresenius business entities.[4]

23

24      [3] The MDL court (Judge Woodlock) is considering this same issue in connection with an omnibus motion to remand filed in several California cases in
25  the MDL proceeding.  The parties conducted discovery on this issue, and Judge Woodlock held a hearing on February 3, 2014.  His ruling on this issue is expected
26  soon.
        [4] Paragraph 38 is misleadingly incorrect in many respects.  Most
27  particularly, the company for which Mr. Weisman serves as a member of the Supervisory Board is Fresenius Medical Care AG & Co. KGaA, a German indirect

28                                          7                    Notice of Removal

At all times relevant, Mr. Weisman, had oversight, management and knowledge of the defective nature of GranuFlo® and NaturaLyte®, but deliberately and/or negligently failed to advise the public, health care providers, including Plaintiffs and Plaintiffs' treating physicians, of these defects, despite having the duty to do so, as well as having the ability to effectuate the decision to implement GranuFlo and NaturaLyte without providing the appropriate warnings.   Mr. Weisman knowingly and intentionally suppressed material facts and deliberately obfuscated the instructions and warnings of GranuFlo and NaturaLyte for the purpose, in part, of increasing sales and profits.

Defendant Weisman's compensation as an officer, director and committee member of Fresenius Medical Care are commensurate with the sales and profitability of Fresenius, including the sales and profits from GranuFlo® and NaturaLyte®, and as a member of Fresenius's Board.   Defendant Weisman holds and has been granted significant stock positions and options in Fresenius, based on its profitability, including the sales and profits of GranuFlo® and NaturaLyte®. Defendant Weisman held the same corporate governance positions during the time Defendants were operating under a Corporate Integrity Agreement, which related to the management of Fresenius Clinics.

[*Id.* ¶ 38-40.]  The Complaint fails to provide any additional facts regarding Mr. Weisman's alleged liability.  For example, the Complaint nowhere alleges that Mr. Weisman treated any of the Decedents or had a relationship with any of them. Likewise, the Complaint nowhere alleges that Mr. Weisman had any relationship with the medical facilities in which the Decedents were allegedly treated or with any of the named Fresenius Defendants in this case.

31.    In sum, the Complaint contains no factual allegations that could support the legal conclusion that Mr. Weisman owed a duty to Plaintiffs or Decedents.  Setting aside the "general and conclusory" allegations of misconduct,

---

parent company of defendant Fresenius Medical Care Holdings, Inc.  The Complaint tries to obscure the distinction between those two entities by using the confusingly shortened reference "Fresenius Medical Care in Los Angeles" to identify Mr. Weisman's affiliation. [Ex. A, Compl. ¶ 38.]  Paragraph 38 would be more accurate if the full name, "Fresenius Medical Care AG & Co. KGaA," were substituted for "Fresenius Medical Care in Los Angeles."  But this correction would be destructive of Plaintiffs' case against Mr. Weisman because the German company is not involved in the manufacture, development, promotion, or sale of GranuFlo or NaturaLyte.  The statements in this paragraph represent nothing more

Plaintiffs have failed to state a claim against Mr. Weisman. *Fisher v. Paul Revere Ins. Group*, 55 Fed. App'x 412, 414 (9th Cir. 2002) (unpublished) (a non-diverse defendant was fraudulently joined where the plaintiff did not specifically allege facts that would support any of the elements of plaintiff's state law claim); *see also Mass. Eye & Ear Infirmary v. Eugene B. Casey Found.*, 417 F. Supp. 2d 192, 194 (D. Mass. 2006) (ignoring fraudulently joined defendant's citizenship because defendant was only mentioned in two of the paragraphs in the complaint and there was no allegation about how defendant caused plaintiff any harm).

32.     The Complaint's references to "Defendants" collectively are not sufficient to state causes of action against Mr. Weisman specifically. Federal courts, including those in California, have held that a plaintiff cannot defeat a fraudulent joinder argument by pointing to factual allegations attributing wrongdoing to all defendants collectively. *See*, *e.g.*, *Shah v. Wyeth Pharms., Inc.*, No. CV 04-8652 DT MAN, 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005); *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 301 (N.D. Cal. 1990) (denying motion to remand because, *inter alia*, plaintiff s complaint made "no attempt" to "differentiate between the conduct" of the defendants); *see also Beavers v. DePuy Orthopaedics, Inc.*, No. 1:11 dp 20275, 2012 WL 1945603, at *5 (N.D. Ohio May 30, 2012); *Oshima v. Kia Motors Corp.*, No. 11–cv–03349–REB–MEH, 2012 WL 1578397, at *5-7 (D. Colo. May 4, 2012); *Cranston v. Mariner Healthcare Mgmt. Co.*, No. 3:03CV10–D–A, 2003 WL 21517999, at *3-4 (N.D. Miss. June 18, 2003); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001); *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001); *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 732-33 (S.D. Miss. 1999).

33.     For example, the court in *Shah* held that a non-diverse defendant was

---

than vague attempts to obscure the differences between the separate German and American corporate entities.

fraudulently joined because "allegations against 'defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any 'particular or specific activity'" on the part of each of the non-diverse defendants. *Shah*, 2005 WL 6731641, at *3.  Here, "although [the] complaint commonly employs the generic term 'defendants,' the context and nature of the individual allegations make clear that only [the Fresenius entities] are targeted." *Salisbury*, 166 F. Supp. 2d at 550.

34.    Moreover, Mr. Weisman previously submitted a declaration in a similar product liability action concerning GranuFlo and NaturaLyte, *Nunez v. Fresenius USA, Inc.*, Case No. 2:13-cv-02729-JGP-OP, Doc. No. 12-5 (C.D. Cal. June 17, 2013).  That case asserts similar claims against the same Fresenius entities and Mr. Weisman.  Mr. Weisman's declaration states, among other things, that:

a.    he is not an executive, officer, director, board member, or employee of any of the named Fresenius Defendants;

b.    as a board member of Fresenius Medical Care AG & Co. KGaA (a German holding company), he has no oversight of the day-to-day affairs and operations of its operating indirect subsidiaries and no direct involvement with any U.S. subsidiaries;

c.    he has never heard of an entity called "Fresenius Medical Care for Los Angeles, California" and is not an officer or director of any such entity; and

d.    he had not heard of the existence of NaturaLyte or GranuFlo until after the alleged issues related to those products became public knowledge in June of 2012.

[*See* Ex. B (Decl. of Walter L. Weisman, *Nunez v. Fresenius USA, Inc.*, Case No. 2:13-cv-02729-JGP-OP, Doc. No. 25-1 (C.D. Cal. June 17, 2013)) ¶¶ 2-10.]

35.    Mr. Weisman submitted an additional declaration in the MDL

Notice of Removal

proceeding, which also demonstrates that he is not an officer or director of any Fresenius entity named as a Defendant in this case and had no knowledge of NaturaLyte or GranuFlo before 2012.  [*See* Ex. C ¶¶ 1-13.]

36.    In sum, the Complaint fails to allege facts sufficient to state a cause of action against Mr. Weisman specifically, and his declarations establish that no potential basis for the alleged claims exists.  Thus, Mr. Weisman has been fraudulently joined, and he is not a "properly joined" defendant whose presence in the case precludes removal under Section1 1441(b)(2).

## IV.    THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED.

37.    This Notice of Removal is timely filed.  The statute provides that "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file a notice of removal."  28 U.S.C. § 1446(b)(2)(B).  Fresenius Medical Care Holdings, Inc. was served on April 3, 2014.  This Notice of Removal is timely filed within 30 days of service on this Defendant.

38.    All properly joined and served defendants join in this removal.  *See* 28 U.S.C. § 1446(b)(2)(A).  The joinder or consent of Mr. Weisman is not necessary because he has been fraudulently joined as a defendant, and also because he has not been served.  S*ee Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *AGI Publishing, Inc. v. HR Staffing, Inc*., No. 1:12-cv-00879, 2012 WL 3260519, at *2 (E.D. Cal. Aug. 8, 2012); *Simpson v. Union Pac. R. Co*., 282 F. Supp. 2d 1151, 1158 (N.D. Cal. 2003), *Tsang v. Select Portfolio Serv., Inc.,* No. EDCV 12-00127 VAP, 2012 WL 10423187, at *6 (C.D. Cal. Aug. 3, 2012).

39.    This action is properly removed to the United States District Court for the Central District of California, which is "the district . . . embracing the place where [the] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(d) (listing the counties within the Central District of California).

40.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and

orders served upon the Fresenius Defendants, including the summons and Complaint, is attached hereto as Exhibit A.

41.     Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, attached hereto as Exhibit D, together with the Notice of Removal, will be served upon Plaintiffs' counsel and will be filed with the clerk of the Superior Court for the County of Los Angeles.

If any question arises as to the propriety of the removal of this action, the Fresenius Defendants respectfully request the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Dated:  April 16, 2014                    Respectfully Submitted,


                                          _/s/ Tamara Fraizer_____
                                          Tamara Fraizer (SBN 215942)
                                          Fish & Richardson P.C.
                                          500 Arguello Street, Suite 500
                                          Redwood City, CA 94063
                                          Telephone:  (650) 839-5070
                                          Facsimile:  (650) 839-5071
                                          fraizer@fr.com

                                          Counsel for Defendants
                                          FRESENIUS MEDICAL CARE
                                          HOLDINGS, INC.; FRESENIUS
                                          MEDICAL CARE NORTH AMERICA,
                                          INC.; FRESENIUS USA, INC.;
                                          FRESENIUS USA
                                          MANUFACTURING, INC.;
                                          FRESENIUS USA MARKETING, INC.

## PROOF OF SERVICE

I am employed in the County of San Mateo. My business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 16, 2014, I served a copy of the foregoing document(s) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Counsel for Plaintiff:**

| | |
|---|---|
| Hector G. Gancedo (SBN 132139) | Stephen C. Ball (SBN 119463) |
| GANCEDO LAW FIRM, INC. | BALL & BONHOLTZER |
| 130 S. Euclid Avenue, Suite 2 | 300 North Lake Avenue, Suite 1000 |
| Pasadena, CA 91101 | Pasadena, CA 91101 |
| Telephone: (626) 577-2500 | Telephone: (626) 793-2117 |
| Fax: (626) 577-2555 | Fax: (626) 793-3198 |

☐ **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL:** Such envelope was delivered by hand to the offices of the addressee.

☐ **FACSIMILE:** Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

☐ **E-MAIL:** Such document was transmitted by electronic mail to the addressees' email addresses as stated above.

☒ **FEDERAL EXPRESS:** Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express.

☐ **EXPRESS MAIL:** Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service.

13                                    Notice of Removal

**OVERNIGHT DELIVERY:** Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on April 16, 2014, at Redwood City, California.

*/s/ Cecilia Acosta*
Cecilia Acosta

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ John F. Walter _____ and to Magistrate Judge _____ Michael R. Wilner _____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-02933-JFW(MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ April 16, 2014 _____
Date

By  APEDRO _____
Deputy Clerk

## ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Jeff Jenkins and Mary Eleanor Jenkins, individually and on behalf of the Estate of Billy Joe Jenkins, et al. (See Attachment A for additional Plaintiffs) | Fresenius Medical Care Holding, Inc., et al. (See Attachment B for additional Defendants) |

| **(b) County of Residence of First Listed Plaintiff**  Jefferson Co., AR | **County of Residence of First Listed Defendant** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Hector G. Gancedo (SBN 132139) GANCEDO LAW FIRM, INC. 130 S. Euclid Avenue, Suite 2 Pasadena, CA 91101   Tel: (626) 577-2500 | Tamara Fraizer Fish & Richardson P.C. 500 Arguello Street, Suite 500 Redwood City, CA 94063   Tel: (650) 839-5070 |

**BY FAX**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ > $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of product-liability suit pursuant to 28 USC Section 1332 (Diversity Jurisdiction), and 28 USC Sections 1367, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes  ☐ No<br><br>If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☒ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county  in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   [ ] NO   [X] YES

If yes, list case number(s):   Please see Notice of Related Cases

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[X] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   /s Tamara Fraizer          DATE:  4/16/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Juanita R. Brooks (SBN 75934)
brooks@fr.com
Roger A. Denning (SBN 228998)
denning@fr.com
Olga I. May (SBN 232012)
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130-2081
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Tamara Fraizer (SBN 215942)
fraizer@fr.com
FISH & RICHARDSON, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendants FRESENIUS MEDICAL CARE HOLDINGS, INC., FRESENIUS MEDICAL CARE NORTH AMERICA, INC., FRESENIUS USA, INC., FRESENIUS USA MANUFACTURING, INC., and FRESENIUS USA MARKETING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFF JENKINS, and MARY ELEANOR JENKINS, individually and on behalf of the Estate of BILLY JOE JENKINS; MARILYN BAUMGARDEN, individually and on behalf of the Estate of DONALD EUGENE KAMPHEFNER; SUZETTE ABBOTT, individually and on behalf of the Estate of JOSEPH KIDA; DIANE WILKERSON , individually and on behalf of the Estate of ALMA LOWE; MARLENE MANLEY. individually and on behalf of the Estate of JAY PETE MANLEY, JR.; SHALESE VAULX, individually and on behalf of the Estate of VERINDA ELIZABETH MATTHEWS; JOSEPH MCKINNEY, individually and on behalf of the Estate of LUETANGER MCKINNEY; HORTENSE MILLER, individually and on behalf of the Estate of NAPOLEON MILLER; | Case No. _____ **ATTACHMENT A TO CIVIL COVER SHEET (LIST OF PLAINTIFFS)** |
| Plaintiffs. | |

vs

FRESENIUS MEDICAL CARE
HOLDING, INC., FRESENIUS
MEDICAL CARE HOLDINGS, INC.
d/b/a FRESENIUS MEDICAL CARE
NORTH AMERICA, INC., FRESENIUS
USA, INC., FRESENIUS USA
MANUFACTURING, INC.,
FRESENIUS USA MARKETING, INC.,
FRESENIUS USA SALES, INC.,
WALTER L. WEISMAN, and DOES 1-
50, Inclusive,

        Defendants.

1.     JEFF JENKINS, and MARY ELEANOR JENKINS, individually and on behalf of the Estate of BILLY JOE JENKINS;

2.     MARILYN BAUMGARDEN, individually and on behalf of the Estate of DONALD EUGENE KAMPHEFNER;

3.     SUZETTE ABBOTT, individually and on behalf of the Estate of JOSEPH KIDA;

4.     DIANE WILKERSON, individually and on behalf of the Estate of ALMA LOWE;

5.     MARLENE MANLEY, individually and on behalf of the Estate of JAY PETE MANLEY, JR.;

6.     SHALESE VAULX, individually and on behalf of the Estate of VERINDA ELIZABETH MATTHEWS;

7.     JOSEPH MCKINNEY, individually and on behalf of the Estate of LEUTANGER MCKINNEY;

8.     HORTENSE MILLER, individually and on behalf of the Estate of NAPOLEON MILLER.

1 | Dated:  April 16, 2014                          Respectfully Submitted,

2

3                                                              */s/ Tamara Fraizer*
                                                               Tamara Fraizer (SBN 215942)
4                                                              Fish & Richardson P.C.
                                                               500 Arguello Street, Suite 500
5                                                              Redwood City, CA 94063
                                                               Telephone:  (650) 839-5070
6                                                              Facsimile:  (650) 839-5071
                                                               fraizer@fr.com
7
                                                               Counsel for Defendants
8                                                              FRESENIUS MEDICAL CARE
                                                               HOLDINGS, INC.; FRESENIUS
9                                                              MEDICAL CARE NORTH AMERICA,
                                                               INC.; FRESENIUS USA, INC.;
10                                                             FRESENIUS USA
                                                               MANUFACTURING, INC.;
11                                                             FRESENIUS USA MARKETING, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2    Attachment A to Civil Cover Sheet (List
                                                                      of Plaintiffs)

# PROOF OF SERVICE

I am employed in the County of San Mateo. My business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 16, 2014, I served a copy of the foregoing document(s) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Counsel for Plaintiff:**

Hector G. Gancedo (SBN 132139)
GANCEDO LAW FIRM, INC.
130 S. Euclid Avenue, Suite 2
Pasadena, CA 91101
Telephone: (626) 577-2500
Fax: (626) 577-2555

Stephen C. Ball (SBN 119463)
BALL & BONHOLTZER
300 North Lake Avenue, Suite 1000
Pasadena, CA 91101
Telephone: (626) 793-2117
Fax: (626) 793-3198

| | | |
|---|---|---|
| ☐ | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| ☐ | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| ☐ | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| ☐ | **E-MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| XX | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☐ | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |

3    Attachment A to Civil Cover Sheet (List of Plaintiffs)

1  [  ]  **OVERNIGHT**   Such correspondence was given on the same day in the
       **DELIVERY:**    ordinary course of business to an authorized courier or a
2                       driver authorized by that courier to receive documents.

3       I declare that I am employed in the office of a member of the bar of this
   Court at whose direction the service was made.
4
5       I declare under penalty of perjury that the above is true and correct.
   Executed on April 16, 2014, at Redwood City, California.

6

7                                        */s/ Cecilia Acosta*
                                         Cecilia Acosta
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              4    Attachment A to Civil Cover Sheet (List
                                                          of Plaintiffs)

1  Juanita R. Brooks (SBN 75934)
   brooks@fr.com
2  Roger A. Denning (SBN 228998)
   denning@fr.com
3  Olga I. May (SBN 232012)
   omay@fr.com
4  FISH & RICHARDSON P.C.
   12390 El Camino Real
5  San Diego, California 92130-2081
   Telephone: (858) 678-5070
6  Facsimile: (858) 678-5099

7  Tamara Fraizer (SBN 215942)
   fraizer@fr.com
8  FISH & RICHARDSON, P.C.
   500 Arguello Street, Suite 500
9  Redwood City, CA 94063
   Telephone: (650) 839-5070
10 Facsimile: (650) 839-5071

11 Attorneys for Defendants FRESENIUS MEDICAL CARE HOLDINGS, INC.,
   FRESENIUS MEDICAL CARE NORTH AMERICA, INC., FRESENIUS USA,
12 INC., FRESENIUS USA MANUFACTURING, INC., and FRESENIUS USA
   MARKETING, INC.

13                    UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 | JEFF JENKINS, and MARY ELEANOR | Case No. _____
   | JENKINS, individually and on behalf of |
17 | the Estate of BILLY JOE JENKINS; | **ATTACHMENT B TO CIVIL**
   | MARILYN BAUMGARDEN, | **COVER SHEET (LIST OF**
18 | individually and on behalf of the Estate | **DEFENDANTS)**
   | of DONALD EUGENE |
19 | KAMPHEFNER; SUZETTE ABBOTT, |
   | individually and on behalf of the Estate |
20 | of JOSEPH KIDA; DIANE |
   | WILKERSON , individually and on |
21 | behalf of the Estate of ALMA LOWE; |
   | MARLENE MANLEY, individually and |
22 | on behalf of the Estate of JAY PETE |
   | MANLEY, JR.; SHALESE VAULX, |
23 | individually and on behalf of the Estate |
   | of VERINDA ELIZABETH |
24 | MATTHEWS; JOSEPH MCKINNEY, |
   | individually and on behalf of the Estate |
25 | of LUETANGER MCKINNEY; |
   | HORTENSE MILLER, individually and |
26 | on behalf of the Estate of NAPOLEON |
   | MILLER; |

27                Plaintiffs,

28

1    vs

2    FRESENIUS MEDICAL CARE
     HOLDING, INC., FRESENIUS
3    MEDICAL CARE HOLDINGS, INC.
     d/b/a FRESENIUS MEDICAL CARE
4    NORTH AMERICA, INC., FRESENIUS
     USA, INC., FRESENIUS USA
5    MANUFACTURING, INC.,
     FRESENIUS USA MARKETING, INC.,
6    FRESENIUS USA SALES, INC.,
     WALTER L. WEISMAN, and DOES 1-
7    50, Inclusive,

8           Defendants.

9

10          1.      Defendant Fresenius Medical Care Holdings, Inc. d/b/a Fresenius

11   Medical Care North America (improperly named in the Complaint as "Fresenius

12   Medical Care Holding, Inc.") is a corporation organized under the laws of the State

13   of New York and has its principal place of business in Waltham, Massachusetts.

14   Fresenius Medical Care Holdings, Inc. is therefore a citizen of the State of New

15   York and the State of Massachusetts for purposes of diversity jurisdiction. *See* 28

16   U.S.C. § 1332(c)(1).  Fresenius Medical Care Holdings, Inc. is not now, and was

17   not at the time of the filing of the Complaint and all intervening times, a citizen of

18   the State of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or

19   Alabama.[1]

20          2.      Defendant Fresenius USA, Inc. is a corporation organized under the

21   laws of the State of Massachusetts and has its principal place of business in

22   Waltham, Massachusetts.  Fresenius USA, Inc. is therefore a citizen of the State of

23   Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

24   Fresenius USA, Inc. is not now, and was not at the time of the filing of the

25

26

27   _____
     [1] The Complaint also names Fresenius USA Sales, Inc. as a defendant.
28   Fresenius USA Sales, Inc. was dissolved in March 2010.

Complaint and all intervening times, a citizen of the State of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

3.     Defendant Fresenius USA Manufacturing, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Waltham, Massachusetts.  Fresenius USA Manufacturing, Inc. is therefore a citizen of the State of Delaware and the State of Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Fresenius USA Manufacturing, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of the State of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

4.     Defendant Fresenius USA Marketing, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Waltham, Massachusetts.  Fresenius USA Marketing, Inc. is therefore a citizen of the State of Delaware and the State of Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Fresenius USA Marketing, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of the State of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

5.     Before its dissolution on March 29, 2010, Fresenius USA Sales, Inc. was a corporation organized under the laws of the State of Massachusetts and had its principal place of business in Waltham, Massachusetts.  Fresenius USA Sales, Inc. was therefore a citizen of the State Massachusetts for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  Fresenius USA Sales, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen of the State of Colorado, Missouri, Georgia, Michigan, Virginia, Ohio, Minnesota, or Alabama.

6.      Defendant Walter L. Weisman is alleged to reside in Los Angeles County, California.

Dated: April 16, 2014                    Respectfully Submitted,


                                         /s/ Tamara Fraizer
                                         Tamara Fraizer (SBN 215942)
                                         Fish & Richardson P.C.
                                         500 Arguello Street, Suite 500
                                         Redwood City, CA 94063
                                         Telephone:  (650) 839-5070
                                         Facsimile:  (650) 839-5071
                                         fraizer@fr.com

                                         Counsel for Defendants
                                         FRESENIUS MEDICAL CARE
                                         HOLDINGS, INC.; FRESENIUS
                                         MEDICAL CARE NORTH AMERICA,
                                         INC.; FRESENIUS USA, INC.;
                                         FRESENIUS USA
                                         MANUFACTURING, INC.;
                                         FRESENIUS USA MARKETING, INC.

**PROOF OF SERVICE**

    I am employed in the County of San Mateo. My business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

    I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

    On April 16, 2014, I served a copy of the foregoing document(s) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Counsel for Plaintiff:**

Hector G. Gancedo (SBN 132139)    Stephen C. Ball (SBN 119463)
GANCEDO LAW FIRM, INC.    BALL & BONHOLTZER
130 S. Euclid Avenue, Suite 2    300 North Lake Avenue, Suite 1000
Pasadena, CA 91101    Pasadena, CA 91101
Telephone: (626) 577-2500    Telephone: (626) 793-2117
Fax: (626) 577-2555    Fax: (626) 793-3198

| | | |
|---|---|---|
| ☐ | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| ☐ | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| ☐ | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| ☐ | **E-MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| XX | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☐ | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |

**OVERNIGHT DELIVERY:** Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on April 16, 2014, at Redwood City, California.

_/s/ Cecilia Acosta_

Cecilia Acosta